IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>YOUNG HUI KIM,<br><br>Debtor.<br>_____<br><br>YOUNG HUI KIM, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>JEAN CHRISTENSEN, et al.<br><br>Defendants. | CIVIL NO. 21-00195 JAO-RT<br><br>Case No. 14-01353 (Chapter 7)<br>Adv. Pro. No. 20-90027<br><br>**ORDER ADOPTING FINDINGS OF FACT AND RECOMMENDED JUDGMENT REGARDING GOOD FAITH SETTLEMENT** |

**ORDER ADOPTING FINDINGS OF FACT AND RECOMMENDED
JUDGMENT REGARDING GOOD FAITH SETTLEMENT**

On April 21, 2021, U.S. Bankruptcy Judge Robert J. Faris issued a Findings of Fact and Recommended Judgment Regarding Good Faith Settlement, recommending that the Court determine that the settlement between Plaintiffs Young Hui Kim, Glory of God Presbyterian Church, and Pacific Eagle Realty, LLC (collectively, "Plaintiffs") and Defendant Gregory T. Dunn ("Dunn") was entered into in good faith pursuant to Hawaiʻi Revised Statutes ("HRS") § 663-

15.5, and enter judgment substantially in the form attached as Exhibit A. ECF No. 1-1.

There being no opposition and good cause appearing therefor, the Court:

1. ADOPTS the Findings of Fact and Recommended Judgment.

2. GRANTS the Petition.

3. Based upon the record presented, finds that the settlement entered into between Plaintiffs and Dunn, as set forth in the full and complete Confidential, Joint Tortfeasor/Joint Obligor Release, Hold Harmless, Defend, Protect and Indemnity Agreement ("Settlement Agreement"), was made in good faith, within the meaning of HRS § 663-15.5.

4. Dunn and those persons or entities covered by the Release such as Dunn's employee (Francene Dunn) are discharged and dismissed with prejudice from all claims, cross-claims, counterclaims and third-party claims (however denominated), that were filed or that could be filed or asserted by Defendants Jean D. Christensen, and The Law Office Of Jean Christensen LLLC (collectively, "Non-Settling Defendants"), and any other defendant, third-party defendant, party or any other non-party joint tortfeasor or co-obligor against Dunn for any of the damages, injuries or losses in connection with or arising out of the matters referenced within or covered by the Settlement Agreement to the full extent permitted by HRS § 663-15.5. Except for any claims that may be based on a

written indemnity agreement, all other claims by the Non-Settling Defendants or non-party joint tortfeasors and co-obligors against Dunn are hereby barred by this Order.

5. There being no just reason for delay, this Order and judgment shall be final, and subject to appeal, pursuant to Federal Rule of Civil Procedure 54(b) and Federal Rule of Bankruptcy Procedure 7054.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 10, 2021.



Jill A. Otake
United States District Judge

CV 21-00195 JAO-RT, *Kim, et al. v. Christensen, et al.*; ORDER ADOPTING FINDINGS OF FACT AND RECOMMENDED JUDGMENT REGARDING GOOD FAITH SETTLEMENT